RECEIVED
IN LAKE CHARLES, LA
OCT 11 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MAX M. MORRIS, ET AL | : | DOCKET NO. 06-CV-1155 |
| VS. | : | JUDGE MINALDI |
| KEITH RODRIGUEZ | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is the appeal of Max M. Morris, who appeals the June 8, 2006 order of the United State Bankruptcy Court, wherein appellant was sanctioned for improperly placing the electronic signature of the trustee, Keith Rodgriguez, on documents filed by the appellant. The trustee has answered the appeal.

## FACTS

Appellant, Max M. Morris, is the attorney for the debtor in a Chapter 13 bankruptcy filing. Prior to filing for bankruptcy, the debtor was involved in an automobile accident and sustained serious personal injuries.[1] Prior to settling the personal injury action, the debtor pledged the proceeds from the action to the bankruptcy estate.[2] The debtor eventually settled her personal injury claim, though she did so without the necessary approval of the bankruptcy court as to the terms of the settlement and the employment of the personal injury attorney.[3]

---

[1] Appellant's Brief, p. 5 [doc. 15].

[2] *See* Transcript of June 1, 2006 Hearing at 3.

[3] *See* Transcript of February 16, 2006 Hearing at 3-4.

Thereafter, on February 7, 2006, the debtor filed a motion to retain the settlement proceeds.[4] On February 16, 2006, a hearing was held on the motion and the bankruptcy court ordered that the hearing be continued to allow the debtor to properly employ the personal injury attorney, file a motion to approve the settlement terms, and provide the trustee with verification of her need to retain settlement funds for future medical treatment.[5]

On May 5, 2006, Morris filed applications to approve the settlement, employ Steven W. Hale as personal injury attorney, and for approval of attorney's fees.[6] These applications "were filed by the Office of Mr. Morris, using his [ECF] password, but over the signature of the Trustee."[7] Due to technical errors, the clerk's office rejected the May 5 filings, and Morris filed the same set of documents on May 8, again bearing the electronic signature of the trustee.[8]

On June 1, 2006, a hearing was scheduled on the motion to retain the settlement funds.[9] Prior to the hearing, the trustee advised the bankruptcy judge that Morris filed the above applications bearing the trustee's signature, but without his authorization.[10] Bankruptcy Judge Schiff thereupon

---

[4] *See* Bankruptcy Docket Sheet [B.R. doc. 15].

[5] *See* Transcript of February 16, 2006 Hearing; *see also* Bankruptcy Docket Sheet [B.R. doc. 19].

[6] *See* Bankruptcy Docket Sheet [B.R. docs. 24-26]

[7] Transcript of June 1, 2006 Hearing at 3.

[8] Motion to Approve Compromise and Application for Approval of Attorney Fees Nunc Pro Tunc [B.R. doc. 27].

[9] *See* Notice of Hearing [B.R. doc. 28].

[10] June 8, 2006 Order of the Bankruptcy Court, p. 1.

held a conference in chambers to investigate the improper use of the trustee's signature.[11] By order dated June 8, 2006, Judge Schiff found that Morris' use of the trustees signature on the May 5 and May 8 filings was improper, both procedurally and ethically.[12] Judge Schiff then ordered: (1) that compensation to Morris in the bankruptcy case be disallowed, (2) that all fees earned by Morris in the bankruptcy case be disgorged and repaid to the trustee, and (3) that Morris and every member of his staff attend CM/ECF training.[13] On June 12, 2006, Morris filed a Motion to Reconsider the June 8 order.[14] The motion was denied.[15] Morris now appeals to this court and seeks a reversal of the bankruptcy court's June 8 order and the sanctions issued therein.

## STANDARD OF REVIEW

This court's review of a decision of the bankruptcy court is governed by the same standard that governs review of district court decisions by the federal courts of appeal. 11 U.S.C. 8013 advisory committee's note ("This rule accords to the findings of a bankruptcy judge the same weight given the findings of a district judge under Rule 52 F.R.Civ.P."). The district court will therefore affirm the bankruptcy court's findings of fact unless those findings are clearly erroneous. *Id.* "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542 (1948). As to questions of law, this

---

[11] *Id.*

[12] *Id.* at 2.

[13] *Id.*

[14] Motion to Reconsider [B.R. doc. 32].

[15] June 14, 2006 Order of the Bankruptcy Court [B.R. doc. 43].

3

court reviews the bankruptcy court's conclusions *de novo*. *In re Nicholas*, 956 F.2d 110, 111 (5th Cir. 1992).

## ANALYSIS

It is undisputed that on May 5, 2006, in filing the motion to employ personal injury attorney, Steven W. Hale, Morris utilized his ECF password, but electronically signed the name of the trustee, Keith Rodriguez. It is also undisputed that Morris electronically signed Rodriguez's name when he filed the motion to approve the settlement and application for attorney's fees on May 8, 2006. Despite what appear to be a blatant ethical and procedural violations, Morris would have this court believe that he thought he had implied authorization to file these documents on behalf of the trustee.

Morris argues that under 11 U.S.C. 327, only the trustee is empowered to hire individuals to assist in the representation of the estate. Thus, Morris asserts that it was Rodriguez's duty, as the trustee, to employ the personal injury attorney. Rodriguez, however, indicated that he would not seek to have the settlement or the retention of the personal injury attorney approved. Since Morris had been ordered by the bankruptcy court to have the settlement terms approved and properly employ the attorney, he argues that he had implied authority to file on behalf of the trustee. Nevertheless, Morris' argument ignores the bankruptcy court's simple order that *the debtor*, not the trustee move to employ the attorney and approve the settlement.[16]

---

[16]*See* Transcript of February 16, 2006 Hearing, p. 3, lines 15-20:
"Several things have to happen, Mr. Willis, before I'm going to approve this: Number one, the attorney has to be employed by the Court; Number two, there has to be a motion to approve the settlement...."

4

Morris' argument also ignores Federal Rule of Bankruptcy Procedure 9011, "the bankruptcy counterpart" to Rule 11. *See* COLLIER ON BANKRUPTCY P. 9011.02 (15th ed., rev. 2006). Rule 9011 provides, "Every petition, pleading, written motion, and other paper...shall be signed by at least one attorney of record *in the attorney's individual name.*" FED. R. BANKR. P. 9011 (emphasis added). There is no ambiguity in Rule 9011 such that an attorney might believe that by signing a pleading on behalf of another, without consent, he acted properly. Also, Rule 9011 permits the bankruptcy court, on its own initiative, to impose sanctions on an offending attorney.

Moreover, attorneys practicing in the United States Bankruptcy Court in the Western District of Louisiana are bound by the Louisiana Rules of Professional Conduct. *See* LR 83.2.4W ("This court hereby adopts the Rules of Professional Conduct of the Louisiana State Bar Association."); LBR 9029-3 (generally applying the district court's local rules to the bankruptcy court where there is no conflict). Rule 8.4 states that it is professional misconduct to "[e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation." La. Rules of Prof. Conduct, Rule 8.4.

The Louisiana Supreme Court has found professional misconduct where an attorney fraudulently signs a document. *See, e.g. La State Bar Ass'n v. Powell*, 439 So.2d 415, 417 (La.1983). In one case, an attorney forged real estate documents and, as a defense, claimed that he was ignorant of how to handle real estate transactions. *La State Bar Ass'n v. Gremillion*, 320 So.2d 171 (La.1975). The Court held that ignorance is not a defense. *Id.* at 172-73. Attorneys are under an obligation to act competently; this includes a duty to adequately prepare and inform oneself. *See* La. Rules of Prof. Conduct, Rule 1.1.

Morris clearly violated procedural and ethical rules by signing the name of another attorney

on a pleading filed with the court. Morris' defense– that he believed he had implied authority to file on behalf of the trustee– is without merit. Among the many alternative courses of action, Morris could simply have asked Rodriguez if he had permission to file the suspect documents, or signed his own name "on behalf of" the trustee. In light of the seriousness of this offense and the spectrum of available penalties, the sanctions issued by Judge Schiff are more than fair.

Accordingly, this court affirms the bankruptcy court's June 8, 2006 order.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10 day of October, 2006.

PATRICIA MINALDI
UNITED STATES DISTRICT COURT